No. 23-12051

# United States Court of Appeals
## For The Eleventh Circuit

**AFFORDABLE AERIAL PHOTOGRAPHY, INC.**

*Plaintiff-Appellee*,

**v.**

**WC REALTY GROUP, INC.**

*Defendant-Appellant*

**ANSWER BRIEF**

JOEL B. ROTHMAN
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Affordable Aerial
Photography, Inc .*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

Appellee AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP"), by and through its undersigned counsel, hereby discloses the following alphabetical list of trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation or other identifiable legal entities related to AAP:

Affordable Aerial Photography, Inc. – Appellee

Lockton, Andrew D. – Counsel for Appellant

McHale, Edward F. – Counsel for Appellant

McHale & Slavin, P.A. – Counsel for Appellant

Middlebrooks, Donald M. – United States District Judge

Angela M. Nieves – Counsel for Appellee Nguyen

Joel B. Rothman – Counsel for Appellee

SRIPLAW, PA – Counsel for Appellee

WC Realty Group, Inc. – Appellant

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Plaintiff-Appellee AAP is not a publicly traded company, has no parent company, and there is no publicly held corporation that owns 10% or more of its stock.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................v

STATEMENT REGARDING ORAL ARGUMENT .............................................1

QUESTIONS PRESENTED.............................................................................1

STATEMENT OF FACTS ...............................................................................2

   a.   The Relevant Pre-Dismissal Facts.......................................................2

   b.   The Relevant Post-Dismissal Facts .....................................................3

   c.   The District Court's Discretionary Denial of Fees ...............................3

   d.   The District Court's Denial of Reconsideration...................................4

SUMMARY OF THE ARGUMENT .................................................................4

STANDARD OF REVIEW .............................................................................7

ARGUMENT ..............................................................................................8

   a.   A Plaintiff's Filing of a Voluntary Dismissal with Prejudice Under F.R.C.P. Rule 41(a) at the Pleading Stage Prior to Determination of a Motion to Dismiss is Reason Enough to Deny Fees to a Defendant Under § 505 of the Copyright Act..........................................................................................8

      1.   The Statute as Construed in *Fogerty*..............................................9

      *2.*   The Statute as Applied in *Kirtsaeng* ...........................................11

   b.   The District Court's Analysis of the *Fogerty* Factors was Appropriate Under the Circumstances, within the District Court's Sound Judgment, and this Court may not Substitute its Judgment for that of the District Court.................12

      1.   The District Court did not Fail to Apply the Proper Legal Standard.......13

      2.   The District Court did not Fail to Follow Proper Procedures.................14

      3.   The District Court did not Base its Decision on Findings of Fact that were Clearly Erroneous...............................................................................15

      4.   The District Court Adequately Explained its Denial of Fees Under § 505 ...........................................................................................................16

      5.   AAP Acted in Good Faith and its Complaint had Arguable Merit..........18

   c.   WC Manufactured this Frivolous Appeal ..................................................19

CONCLUSION ..........................................................................................22

# TABLE OF AUTHORITIES

## Cases

*ACLU* of Ga. *v. Barnes*,
    168 F.3d 423 (11th Cir. 1999) ............................................................ 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................... 19-20

*Casella v. Morris*,
    820 F.2d 362 (11th Cir. 1987) ............................................... 16-17, 17

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994) ............................................................... *passim*

*General Elec. Co. v. Joiner*,
    522 U. S. 136 (1997) .......................................................... 12, 13

*Goodman v. Rose Realty W., Inc.*,
    193 So. 3d 86 (Fla. 4th DCA 2016) ................................................ 2

*Gray ex rel.* Alexander *v. Bostic*,
    613 F.3d 1035 (11th Cir. 2010) ........................................................ 8

*Horne v. Flores*,
    557 U. S. 433 (2009) (Breyer, J., dissenting) ................................... 13

*Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
    781 F.2d 198 (Fed. Cir. 1986) ........................................................ 16

*Kirtsaeng v. John Wiley & Sons, Inc.*,
    579 U.S. 197 (2016). ............................................................. *passim*

*Lieb v. Topstone Indus.*,
    788 F.2d 151 (3d Cir. 1986) ........................................................... 8

*MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*,
    198 F.3d 840 (11th Cir. 1999) ........................................................ 16

*Montgomery v. Noga*,
    168 F.3d 1282 (11th Cir. 1999) ...................................................... 18

*Sherry Mfg. Co. v. Towel King of Fla., Inc.*,
    822 F.2d 1031 (11th Cir. 1987) ...................................................... 18

*United States v. Abel*,
    469 U.S. 45 (1984) ................................................................ 13

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
    846 F.3d 1159 (11th Cir. 2017) ........................................... 7

**Statutes**

17 U.S.C. § 109(a) ................................................................ 11

17 U.S.C. § 505 ......................................................... *passim*

Fla. Stat. § 475.01 ................................................................ 2

Fla. Stat. § 475.42 ................................................................ 2

**Other**

F.R.C.P. Rule 11 ............................................................ 21, 7

F.R.C.P. Rule 41 ........................................................ 18, 3, 8

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## STATEMENT REGARDING ORAL ARGUMENT

AAP does not desire oral argument and believes that it can be dispensed with on this appeal.

## QUESTIONS PRESENTED

1.    Did the district court abuse its discretion in this copyright infringement case when it denied the defendant's motion for attorneys' fees under 17 U.S.C. § 505 where the plaintiff filed "a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint," where the district court "made no determination as to the validity of the Amended Complaint," where "[t]he fee litigation…surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal," and where the district court determined that "[a]n award of fees here would not advance the purposes of Section 505 of the Copyright Act." (ECF 42 at 2).

2.    Did the district court abuse its discretion when it denied the defendant's motion for reconsideration of the district court's order denying the defendant's motion for attorneys' fees under 17 U.S.C. § 505 where the district court "never ruled on the merits of the claim," where the case was "dismissed with prejudice shortly after the motion to dismiss," and where the district court concluded after "[v]iewing all the circumstances of the case, in light of the

Copyright Act's essential goals" that it "saw no reason to award fees and further proceedings seemed inadvisable." (ECF 44 at 2).

## STATEMENT OF FACTS

The pendency of this case was brief. Therefore, AAP's statement of the facts—as contrasted with WC's statement—will be brief.[1]

### a.    The Relevant Pre-Dismissal Facts

Plaintiff filed his complaint in this real estate photo copyright infringement case on August 11, 2022. (ECF 1). The complaint named the licensed real estate agent who copied and displayed the plaintiff's photograph without authorization, Joris C. Reyes, and Mr. Reyes' licensed real estate broker WC Realty Group, Inc.[2] (WC).

---

[1] WC spent six pages laying out the facts of a case that was resolved by settlement with WC's agent and then voluntarily dismissed as against WC in under two months. Most of WC's facts pre-dismissal are only in the record because it manufactured this appeal of the district court's discretionary denial of WC's attorneys' fee motion. WC then spent five pages on its fee motion. In those pages it revealed that this appeal concerns the district court's discretionary denial of WC's fee claim valued at $17,000. WC Br. at 9.

[2] In Florida, a real estate broker is civilly liable for the tortious acts of their agent that are within the scope of the agent's employment. See *Goodman v. Rose Realty W., Inc.,* 193 So. 3d 86, 87 (Fla. 4th DCA 2016). "A person licensed as a sales associate may not operate as a broker or operate as a sales associate for any person not registered as her or his employer." Fla. Stat. § 475.42(1)(B). Even in an independent contractor relationship between an agent and a broker, broker is liable for the agent's torts in the course and scope of the agency. Fla. Stat. § 475.01(2) (an independent contractor relationship "shall not relieve either the broker or the

2

Reyes answered the complaint. (ECF 10). Reyes and AAP negotiated a settlement. (ECF 12). WC moved to dismiss. (ECF 11).

On October 11, 2022, AAP filed an amended complaint. (ECF 16). On October 14, 2022, WC filed a motion to dismiss the amended complaint. (ECF 22). The motion to dismiss the amended complaint was substantially the same as WC's first motion to dismiss. (Compare ECF 11 to ECF 22).

On October 18, 2022, AAP filed a notice of dismissal *with prejudice* of its claims against WC pursuant to Rule 41(a)(1)(A)(i). (ECF 23). Two days later, the district court ordered the case dismissed and closed. (ECF 25).

### b.    The Relevant Post-Dismissal Facts

On December 23, 2022, WC moved for fees under 17 U.S.C. § 505. (ECF 29). AAP opposed the motion. (ECF 37). WC replied. (ECF 41). Nothing else that happened after the case was dismissed is relevant to this appeal.

### c.    The District Court's Discretionary Denial of Fees

The district court in its discretion under § 505 denied the motion plaintiff filed "a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint," and because the district court "made no determination as to the validity of the Amended

---

sales associate of her or his duties, obligations, or responsibilities under this chapter.")

Complaint." (ECF 42 at 2). The district court observed that "[t]he fee litigation…surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal." (Id.). The district court determined that "[a]n award of fees here would not advance the purposes of Section 505 of the Copyright Act." (Id.)

### d.    The District Court's Denial of Reconsideration

On May 5, 2023, WC moved for reconsideration. (ECF 43). Before a response was due, the district court denied the motion. (ECF 44).

## SUMMARY OF THE ARGUMENT

District courts have broad discretion in determining whether to award fees to a prevailing party in copyright cases. That discretion is baked into the fee statute. The fee statute says, "the court *in its discretion may* allow the recovery of full costs by or against any party . . . [and] the court *may also* award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added).

WC believes—mistakenly—that the discretion afforded district courts under § 505 should be curtailed and restricted. WC believes that district courts should be instructed to disregard the stage the case is in when the prevailing party prevails when making fee determinations.  WC believes district courts should always award a defendant its attorneys' fee no matter when in the litigation or at what stage of the case the defendant prevails. WC is wrong.

WC prevailed at the pleading stage because plaintiff filed a notice of voluntary dismissal with prejudice. Then WC moved for its attorneys' fees. The district court in its discretion under § 505 determined not to award attorneys' fees because plaintiff filed "a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint," and because the district court "made no determination as to the validity of the Amended Complaint," and because "[t]he fee litigation…surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal," and because the district court determined that "[a]n award of fees here would not advance the purposes of Section 505 of the Copyright Act." (ECF 42 at 2).

WC says the district court was wrong because it "treated [WC] differently than a similarly situated prevailing plaintiff." (WC Br. at 23). WC seems not to understand how the rules work. Plaintiffs cannot "prevail" at the pleading stages; plaintiffs can only withstand motions to dismiss. There is no such thing as a plaintiff who is "similarly situated" to WC. When the Supreme Court in *Kirtsaeng* and *Fogerty* instructed district courts to treat prevailing plaintiffs and defendants the same, it meant treat them the same after determinations on the merits, not the pleadings.

WC says it was held to a different standard than other defendants. (WC Br. at 14). How so, WC? How many other defendants similarly situated to WC

received an award of attorneys' fees following their receipt of a voluntary dismissal with prejudice just one day after filing their motion to dismiss? Apparently, the answer is exactly "none" because WC cites no cases where a defendant was awarded fees after an early pleading stage notice of dismissal with prejudice was filed.

WC says the district court abused its discretion because it failed to "weigh and analyze" the *Fogerty* factors. (WC Br. at 14). Except, of course, the district court did exactly that when it determined that the filing of "a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint," and where "no determination as to the validity of the Amended Complaint" was made, and where "[t]he fee litigation…surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal," justified the district court's exercise of discretion to deny WC its attorneys' fees. Those were the relevant factors, and there were no other factors on which a determination could be made.

WC says denying it attorneys' fees creates a "safe harbor" for frivolous claims "and will discourage defendants from presenting meritorious defenses." (WC Br. at 15). That's simply ridiculous. The American Rule does not discourage defendants from defending lawsuits. Yet WC would rather gamble and waste money paying lawyers than be let off the hook entirely and forever. And WC

would rather waste even more money on an appeal—as it did here—than be dismissed once and for all. It makes zero sense.

Section 505's purpose is to compensate prevailing parties, not punish filers of frivolous claims. Punishment is F.R.C.P. Rule 11's purpose. WC never served a Rule 11 motion. Even if it had, Rule 11's safe harbor would likely have operated to prevent WC from recovering its attorneys' fees since the offending pleading was voluntarily dismissed almost immediately after a motion to dismiss it involuntarily was filed.

Finally, WC is wrong about the district court's decisions. The first denial was not a "summary denial" (WC Br. at 15), and neither was the denial of the motion for reconsideration. Both decisions were as short as the case. Both decisions were succinct and to the point. There is no need to force district judges to waste time writing decisions on cases that are over before they started. The district court's discretion was exercised appropriately. The decisions below should be affirmed.

## STANDARD OF REVIEW

This court reviews decisions on motions for fees and costs under an abuse of discretion standard. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for

making a determination, or relies on clearly erroneous findings of fact. See, e.g., *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010). This standard necessarily implies a range of choices, and this court will affirm even if "we would have decided the other way if it had been our choice." *Id.* (citations omitted).

## ARGUMENT

### a. A Plaintiff's Filing of a Voluntary Dismissal with Prejudice Under F.R.C.P. Rule 41(a) at the Pleading Stage Prior to Determination of a Motion to Dismiss is Reason Enough to Deny Fees to a Defendant Under § 505 of the Copyright Act

WC is right about one thing and one thing only: when a copyright infringement case is over and the time has come to determine whether to award fees pursuant to § 505, prevailing plaintiffs and prevailing defendants are to be treated alike under the "evenhanded" approach adopted in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994). Prior to *Fogerty,* only a few circuits followed the "evenhanded" approach to awarding fees under § 505. *Id.*, 510 U.S. at 521 n.8 (citing *Lieb v. Topstone Indus.*, 788 F.2d 151 (3d Cir. 1986)). From that single correct proposition—that plaintiffs and defendants be treated evenhandedly when determining whether to award fees under § 505—WC spins an argument that contradicts the requirements of the statute, of *Fogerty,* and of *Kirtsaeng v. John Wiley & Sons, Inc.,* 579 U.S. 197 (2016).

### 1.    The Statute as Construed in *Fogerty*

First the statute. Section 505 says, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. *Fogerty* was the Supreme Court's first opportunity to construe § 505. *Fogerty* was an appeal of a denial of fees to a defendant who prevailed after trial. The musician John Fogerty was denied fees under the Ninth Circuit's "dual standard" that treated successful plaintiffs differently from successful defendants; the Ninth Circuit awarded fees to successful plaintiffs as a matter of course, but only awarded fees to successful defendants when they could show the original suit was frivolous or brought in bad faith. *Fogerty*, 510 U.S. at 520-521.

Fogerty's adversary—the record company Fantasy that owned Fogerty's rights in his early music—sued Fogerty claiming that his 1985 hit "The Old Man Down the Road" infringed the early Fogerty hit "Run Through the Jungle." In the Supreme Court, Fantasy argued that the language of § 505 supported treating prevailing plaintiffs and prevailing defendants differently. But the Supreme Court rejected that argument because "[t]he statutory language…gives no hint that successful plaintiffs are to be treated differently than successful defendants," *id.* at 522, and "[t]he legislative history of § 505 provides no support for treating

prevailing plaintiffs and defendants differently with respect to the recovery of attorney's fees." *Id*. at 523.

Fantasy next argued that "by awarding attorney's fees to prevailing plaintiffs as a matter of course, it encourages litigation of meritorious claims of copyright infringement." *Id*. at 525. The Supreme Court rejected this "one-sided view of the purposes of the Copyright Act" because while "*one* of the goals of the Copyright Act is to discourage infringement, it is by no means the *only* goal" but rather "the policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement." *Id*. at 526.

Finally, Fogerty argued that "§ 505 enacted the British Rule for automatic recovery of attorney's fees by the prevailing party." *Id*. at 534. The Supreme Court rejected this argument for two reasons. First, because "[t]he statute says that 'the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.' The word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.'" *Id*. at 533. And second because "Congress legislates against the strong background of the American Rule," and therefore the Supreme Court found "it impossible to believe that Congress, without more, intended to adopt the British

Rule. Such a bold departure from traditional practice would have surely drawn more explicit statutory language and legislative comment." *Id*. at 534.

The Supreme Court thus returned the case to the lower court to decide the § 505 fee motion in light of these principles.

### 2.    The Statute as Applied in *Kirtsaeng*

The Supreme Court in *Kirtsaeng*, like *Fogerty* before it, returned the case to the district court to consider whether the denial of fees to the prevailing defendant was consistent with the requirements of § 505. The court in *Kirtsaeng* recounted the lessons of *Fogerty* as follows:

> The statutory language, we stated, 'clearly connotes discretion,' and eschews any "precise rule or formula" for awarding fees. Still, we established a pair of restrictions. First, a district court may not 'award[ ] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.' In addition, we noted with approval 'several nonexclusive factors' to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'

*Kirtsaeng*, 579 U.S. at 202.

The Supreme Court took up *Kirtsaeng* after a prior visit to the court on the merits of the application of 17 U.S.C. § 109(a)'s first sale doctrine because the court saw "a need for some additional guidance respecting the application of

§505." *Id.* In particular, the *Kirtsaeng* decision presented the question "whether a court, in exercising [its discretionary] authority, should give substantial weight to the objective reasonableness of the losing party's position." The court answered affirmatively. The court emphasized that district courts retain discretion "to make an award even when the losing party advanced a reasonable claim or defense" if "due consideration to all other circumstances relevant to granting fees" indicate that fees should be awarded. *Id.* at 200.

The bottom line for both *Fogerty* and *Kirtsaeng* was whether an award of fees serves the objectives of the Copyright Act.

> [C]opyright law ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty*, 510 U.S. at 527 citing U. S. Const., Art. I, §8, cl. 8 ("To promote the Progress of Science and useful Arts"). The statute achieves that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work. See *Fogerty*, 510 U.S. at 526. Accordingly, fee awards under §505 should encourage the types of lawsuits that promote those purposes.

*Kirtsaeng,* 579 U.S. at 204-5.

**b.    The District Court's Analysis of the *Fogerty* Factors was Appropriate Under the Circumstances, within the District Court's Sound Judgment, and this Court may not Substitute its Judgment for that of the District Court.**

Deference is the "hallmark of [the] abuse-of-discretion review." *General Elec. Co.* v. *Joiner*, 522 U. S. 136, 143 (1997). A "reviewing court" applying that standard "must not substitute its judgment for that of the district

court." *Horne* v. *Flores*, 557 U. S. 433, 493 (2009) (Breyer, J., dissenting). Rather, an appellate court must defer to the lower court's "sound judgment," so long as its decision falls within its "wide discretion," *United States v. Abel*, 469 U.S. 45, 54 (1984) and is not "'manifestly erroneous.'" *GE v. Joiner*, 522 U.S. 136, 142 (1997).

 "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotation omitted). None of those things happened below, and WC cannot possibly claim that they did.

WC asks this court to return this case to the district court for abuse of discretion just like in *Fogerty* and *Kirtsaeng*. The differences between this case and *Fogerty* and *Kirtsaeng* could not be greater.

**1.    The District Court did not Fail to Apply the Proper Legal Standard**

WC's principal argument is that the district court below held it as prevailing defendant to a different standard than prevailing plaintiffs are held. Its principal source of authority—what it calls "[t]he closest analog" [sic]—are district court default judgments. (WC Br. at 14). WC is wrong. There is no legitimate analogue between this case and judgments entered in default.

In default, defendants admit to the well pleaded allegations in the complaint. The complaint always alleges infringement by the defendant in violation of the plaintiff's copyright rights. Consequently, plaintiffs in default always prevail in a way that serves the purposes of the Copyright Act by holding infringers liable for their copyright violations.

Not so prevailing defendants, especially at the early stages of a case, and especially in this case where the defendant prevailed purely by dint of the plaintiff's filing of a notice of dismissal with prejudice instead of without prejudice. (ECF 23). What important copyright interest was vindicated by the defendant's receipt of a notice of dismissal under two months after the case was filed? None whatsoever.

In fact, to the extent that WC is right that AAP's claim was frivolous from the start—something AAP never conceded—then the with prejudice dismissal arguably served at least one of the purposes WC attempts to achieve, namely the finality of questionable claims.

### 2.    The District Court did not Fail to Follow Proper Procedures

WC claims that the district court "did not address the factors required by *Fogerty* and *Kirtsaeng*." (WC Br. at 24). But of course, the district court did address those factors. It explicitly found that "[a]n award of fees here would not advance the purposes of Section 505 of the Copyright Act." (ECF 42 at 2). And

again, on reconsideration the district court determined that "[v]iewing all the circumstances of the case, in light of the Copyright Act's essential goals, [it] saw no reason to award fees and further proceedings seemed inadvisable." (ECF 44 at 2).

WC seems to believe that *Fogerty* and *Kirtsaeng* both held that each and every time a motion for attorneys' fees is filed in a copyright infringement case the district court is required to address all the enumerated factors when determining whether to award fees. But there is no such requirement in either case or the statute. And WC cites no case that stands for that doubtful proposition. Nor is there any such exhaustion requirement concerning the appropriate exercise of a district court's discretion generally.

### 3.     The District Court did not Base its Decision on Findings of Fact that were Clearly Erroneous

WC used the phrase "clearly erroneous" twice in its brief. (WC Br. at 24, 35).  In both cases the phrase was used to refer to the district court's denial of WC's motion as being "contrary to the Copyright Act's goals and purposes," rather than any factual findings. As a result, it appears that WC used the term "clearly erroneous" incorrectly and out of context.

It is true that the case law on § 505 fee awards instructs district courts to consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in

particular circumstances to advance considerations of compensation and deterrence," if the application of those factors furthers the purposes of the Copyright Act. *Fogerty,* 510 U.S. at 534 n.19. However, nowhere are district courts instructed to consider all four of these factors in every case, and nowhere are district courts required to explain their consideration of these factors in writing. To the contrary, the only factor that ultimately matters in deciding whether to award fees under § 505 is "whether imposition of attorney's fees will further the goals of the Copyright Act, *i.e.,* by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible." *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 198 F.3d 840, 842-43 (11th Cir. 1999) (alteration and quotation marks omitted).

The district court considered the goals of the Copyright Act here not once but twice. Both times it found that the goals were served by denial of WC's fee motion. Neither determination was based on incorrect factual findings. Neither determination was an abuse of discretion.

## 4.    The District Court Adequately Explained its Denial of Fees Under § 505

WC argues that *Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198 (Fed. Cir. 1986), which was cited with approval in *Casella v. Morris*, 820 F.2d 362, 367 (11th Cir. 1987), requires more than the four pages of explanation

provided by the district court for its denial of fees. *Casella* cited *Johnson & Son* for the proposition that a district court must explain its reasoning when it exercises its discretion to deny fees. But the facts of both of those cases gave strong indications that fees ought to have been awarded.

In *Johnson & Son,* the district court denied fees in a patent case under the extraordinary case standard without explanation after finding willful patent infringement. *Id*., 781 F.2d at 201-202. Similarly, in *Casella* the district court found willful copyright infringement but then denied fees under § 505 without explanation. *Id*., 820 F.2d at 366-367. Both circuit courts were puzzled by the absence of a fee award without an explanation under circumstances that would have easily supported such an award even though willfulness is not a prerequisite for an award of fees.

That is not the case here. There was no finding of willfulness below. There was never even a determination on the pleadings at all. The case was over after the filing of "a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint," "no determination as to the validity of the Amended Complaint" was made, and "[t]he fee litigation…surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal." These explanations given by the district court were more than sufficient to justify the district court's exercise of discretion to deny WC its

17

attorneys' fees. See *Montgomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999) ("Where the record reveals that the district court weighed the relevant factors and exercised its discretion, as it did here, we will not question the court's decision to grant or deny fees absent an abuse of that discretion.")

### 5. AAP Acted in Good Faith and its Complaint had Arguable Merit

Years before the Supreme Court decided *Fogerty*, this Court held that "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees" pursuant to § 505. *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987).

Even assuming for the sake of argument that AAP was the "losing party" below merely because it filed a notice of dismissal with prejudice under Rule 41(a)(1)(A)(i), there was never any determination that AAP acted in bad faith or that its complaint lacked merit. Of course, that is WC's argument, but WC's argument is merely that: argument. There are two sides to every case.

WC can argue bad faith until the cows come home. WC's arguments do not change the fact that AAP's actions were never found to be in bad faith or without merit. Under *Towel King,* the district court's discretion was properly exercised.

18
**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

### c.   WC Manufactured this Frivolous Appeal

WC filed this appeal despite two well-reasoned and recently decided contrary United States Supreme Court decisions confirming a district court's broad discretion to deny attorneys' fees to litigants under § 505. WC filed this appeal despite a complete absence of caselaw supporting any of its arguments. WC's appeal is frivolous.

Let's review. WC's first argument was that the district court "did not consider the objective reasonableness of AAP's position, but only whether reasonableness was determined during the merits stage of the action." WC Br. at 26. The "merits stage" of a case refers to "a judgment, decision or ruling of a court based upon the facts presented in evidence and the law applied to that evidence." "On the merits," Law.com Legal Dictionary, https://dictionary.law.com/Default.aspx?selected=1398. This case was dismissed at the pleading stage, not the merits stage.[3] There's a big difference. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 575 (2007) ("Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The *merits* of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial.")

---

[3] Law students are taught the difference between the merits stage and the pleadings stage in law school. See, e.g., Cohen, *Civil Procedure* (2022, Open Source 1L Casebook, https://opencasebook.org/casebooks/5196-civil-procedure-2022/).

19

WC's second argument was that the district court's denial of fees "improperly placed controlling weight on whether the district court found the claims unreasonable during the merits stage of the action." WC Br. at 29. But the district court did not consider the claims on the merits. The district court did not even consider the claims on the pleadings. The district court never considered the claims. Never.

WC's third argument was that the district court's denial of fees "did not consider the other factors required by *Fogerty* and *Kirtsaeng*." WC Br. at 32. WC failed to support this argument with any authority from this court or any other that required a district court to consider all the *Fogerty* and *Kirtsaeng* factors when ruling on a § 505 fee motion. There is no such authority. No court—and certainly not this Court—ever required a district court to consider all the *Fogerty* factors in order to properly exercise its discretion under § 505. A requirement like that negates discretion.

WC's last argument was that the district court's denial of WC's fee motion was "contrary to the copyright act's goals and purposes because it encourages filing frivolous and unreasonable infringement claims and discourages defendants from litigating meritorious defenses." WC Br. at 35. WC failed to support this argument because it is unsupportable. No reasonable reading of *Fogerty* or *Kirtsaeng* would ever lead a litigant to conclude that § 505's goals and purposes

encompassed a deterrent against the *filing* frivolous claims; No reasonable litigant reading *Fogerty* or *Kirtsaeng* would ever conclude that § 505's goals and purposes included discouraging defendants from *presenting* meritorious defenses. *Kirtsaeng* held precisely the opposite.

> The holder of a copyright that has obviously been infringed has good reason to *bring and maintain* a suit even if the damages at stake are small; and likewise, a person defending against a patently meritless copyright claim has every incentive to *keep fighting*, no matter that attorney's fees in a protracted suit might be as or more costly than a settlement. Conversely, when a person (again, whether plaintiff or defendant) has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action. The copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment); and the infringer with no reasonable defense has every reason to give in quickly, before each side's litigation costs mount. All of those results promote the Copyright Act's purposes, by enhancing the probability that both creators and users (*i.e.,* potential plaintiffs and defendants) will enjoy the substantive rights the statute provides.

*Kirtsaeng,* 579 U.S. at 205 (emphasis added).

Section 505 is not Rule 11. The statute, *Fogerty,* and *Kirstaeng* could not be clearer. The discretionary standard could not be clearer. That this appeal wasted this Court's time could not be clearer.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## CONCLUSION

WHEREFORE, Appellee, AFFORDABLE AERIAL PHOTOGRAPHY,

INC. respectfully requests that this Court affirm the decision below with costs to

AAP.


DATED: November 20, 2023        Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Affordable Aerial*
*Photography, Inc.*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limit of Fed. R. App. P. 27(d) because this brief contains 5080 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f)

2. This brief complies with the typeface requirements of F. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 font in Times New Roman type font.

DATED: November 20, 2023             Respectfully submitted,

*/s/ Joel B. Rothman*
Joel B. Rothman

## CERTIFICATE OF FILING AND SERVICE

The undersigned does hereby certify that on November 20, 2023, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all counsel of record.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN